IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANK EDWARD HOWE, III,

    Plaintiff,

v.                                                    Civil Action No. **3:16CV660**

**OFFICER MANNING,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Frank Edward Howe, III, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on November 9, 2016, this Court dismissed the action without prejudice because Howe neither paid the initial partial filing fee nor averred that he cannot pay such a fee.

On November 16, 2016, the Court received from Howe a Notice of Appeal containing argument that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 12). Howe contends that he misunderstood "the last order you sent me, so I would like to go forward on my case" and he "can not pay the $.12 . . . [filing] fee." (*Id.* at 1 (capitalization corrected).)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Howe's purported

confusion about the Memorandum Order directing him to either pay the initial partial filing fee or averring that he could not pay such a fee does not excuse his failure to return it to the Court. Howe fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Howe demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Howe's Rule 59(e) Motion (ECF No. 12) will be DENIED. Nevertheless, because Howe has clearly expressed his desire to continue to pursue his claims, the Court will DIRECT the Clerk to refile Howe's Complaint (ECF No. 1) as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: DEC 09 2016
Richmond, Virginia